## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 4:17-CR00234 RLW/DDN |
| v. | ) |
| HISHAM MUTAN (3), | ) |
| Defendants. | ) |

### MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

COMES now the Defendant, Hisham Mutan, by and through counsel and respectfully moves this Honorable Court to suppress search warrants issued on May 22, 2017 and executed on May 23, 2017 and all items seized pursuant to those warrants on the grounds that the search warrants, search and seizure violated the Fourth, Fifth and Sixth Amendments to the United States Constitution.

### Factual Background

1. On May 22, 2017, a search warrant was issued on the home of Hisham Mutan at 602 Willow Wood Ct., St. Charles, MO 63303 and executed on May 23, 2017.

2. On May 22, 2017, a search warrant was issued for Northway Market, 5590 W. Florissant Ave., St. Louis, MO 63103 and executed on May 23, 2017.

3. On May 22, 2017, a search warrant was issued for Phillips 66, 2800 N. Florissant Ave., St. Louis, MO 63107.

4. On May 22, 2017, a search warrant was issued for Mally's Supermarket, 7445 West Florissant, Country Club Hills, MO 63136/

5.      On May 22, 2017, a search warrant was issued for Six Stars Market, 8701 Riverview Blvd., St. Louis, MO 63147.

6.      On May 22, 2017, a search warrant was issued for Lillian Market, 5200 Hamilton Ave., Jennings, MO 63136.

7.      On May 22, 2017, a search warrant was issued for Kenny's Discount Cigarettes, 5477 North Kingshighway Blvd., St. Louis, MO 63107.

8.      On May 22, 2017, a search warrant was issued for G&S Market, 5101 St. Louis Ave., St. Louis, MO 63114.

9.      On May 22, 2017, a search warrant was issued for Hazelwood Discount Cigarettes, 6950 North Hanley Rd., Hazelwood, MO 63042.

## **Relief Sought**

The Defendant in the above matter moves for the suppression and exclusion of all evidence, physical and testimonial, obtained or derived from or through, or as a result of the unlawful search and seizures, interrogations, arrest and detention which occurred on May 23, 2017 at the above noted addresses.

Specifically, Defendant moves for the suppression and exclusion of the following:

1.      Any statements made by the Defendant to any law enforcement personnel that were involved in the execution of warrants at any of the above noted properties on May 23, 2017.

2.      Any statement made by the Defendant, written or oral, signed or unsigned, regarding items seized on May 23, 2017 or related to the Indictments filed in this matter.

3. Any and all property, papers, information or testimony pertaining to the Defendant, obtained or taken from him on or about May 23, 2017, and at any time thereafter, by law enforcement agents, or any person acting in concert with them.

4. Any and all other property, papers, information or testimony pertaining to the Defendant obtained as the fruits of an illegal search, seizure, detention, interrogation and arrest that occurred on or about May 23, 2017.

### The Search Warrants are Fatally Defective

1. The affidavits that were filed in support of the search warrants contain tainted evidence in that it includes evidence which is illegally obtained or otherwise tainted. Such evidence must be excised from the affidavit and the Court must reevaluate whether, without the improper evidence, the warrant shows probable cause. *See, United States v. Bishop,* 264 F. 3d 919, 924 (9th Cir. 2001). Based on the discovery, the affidavits contain unlawfully obtained information.

2. The affidavits include information that was obtained from informants. The information that was provided by the informants was not sufficiently reliable.

3. The search warrants and supporting affidavits are also invalid because they include false statements knowingly and intentionally made or with reckless disregard for the truth. In addition, there are discrepancies and contradictions in the affidavits which mandate a full and fair opportunity to challenge these affidavits in the form of a hearing, also known as a Franks hearing. *Franks v. Delaware,* 438 U.S. 154, 156 (1978); *United States v. McMurtrey,* 704 F. 3d 502, 510 (7th Cir. 2013).

4. The search executed in this matter was overbroad and would be described as a general search. Fourth Amendment requires that search warrants particularly describe the place to be searched and the items to be seized. *Kentucky v. King,* 563 U.S. 452, 459 (2011).

5.	The lack of specificity and particularity in the warrants, caused the scope of the search to exceed the permitted terms of a validly issued warrant and any subsequent seizures are unconstitutional. *Horton v. California,* 496 U.S. 128, 140 (1990).

### Any Statements Should be Suppressed

1.	A person has been "seized" under the Fourth Amendment if under the totality of the circumstances "a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall,* 446 U.S. 544, 554 (1980). There is no question that the Defendant was detained and arrested during the execution of these warrants.

2.	Any statements made by the Defendant were elicited by coercion without being advised and afforded his rights under the Fifth and Sixth Amendments to the United States Constitution. Any statements attributed to the Defendant, are therefore involuntary and inadmissible. Further, the Defendant requested counsel and questioning continued thereafter. Any statements elicited, either at the scene, in the police vehicle, or later at the jail, were a result of an illegal search and seizure and are thus inadmissible as "fruits of the poisonous tree." *Wong Sun v. United States,* 371 U.S. 471 (1963).

WHEREFORE, as there was no probable cause to support the issuance of the search warrants, all subsequent seizures and arrests, including any statements procured from the Defendant were without probable cause and should be suppressed and these motions sustained as violations of the Defendant's Fourth , Fifth and Sixth Amendment rights. The Defendant further requests an evidentiary hearing and leave to supplement this motion with evidence adduced at such a hearing.

4

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Defendant2
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
(314) 646-0066

/s/ Daniel J. Bruntrager
Daniel J. Bruntrager, #34546
225 S. Meramec Ave., Suite 1200.
St. Louis, Missouri  631105
(314) 646-0066
(314) 646-0065-facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 10\textsuperscript{th} day of May 2019, I hereby certify that a copy of the foregoing **Motion to Suppress Physical Evidence and Statements** was filed electronically to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager