## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CR00234 RLW/DDN |
| ) | |
| v. ) | |
| ) | |
| HISHAM MUTAN (3), ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT HISHAM MUTAN'S MOTION TO DISMISS COUNT 14 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE

1. Defendant Hisham Mutan is charged in Count 14 of the indictment with conspiracy to commit money laundering as defined in 18 U.S.C. § 1956(a)(1) in violation of § 1956(h).

2. To be sufficient, an indictment must "contain the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

3. Conspiracy to launder money requires that the government allege and prove that the defendant "agreed with another person to violate the substantive portions of the money laundering statue." *United Sates v. Heid*, 651 F.3d 850, 854 (8th Cir. 2011) (quoting *United States v. Hynes*, 467 F.3d 951, 964 (6th Cir.2006).

4. Concealment money laundering requires that the government prove that the defendant conducted a financial transaction involving proceeds of a **specific unlawful activity**, knowing that said transaction was designed, in whole or in part, to conceal or disguise the nature, location, source of ownership, or control of proceeds of the specified unlawful activity. See Eighth Circuit Model Criminal Jury Instructions No. 6.18.1956B Money Laundering – Financial Transaction to Conceal the proceeds (18 U.S.C. § 1956(a)(1)(B)(i))(emphasis added).

5.      The "proceeds of specific unlawful activity" referenced in the money laundering statute are funds obtained from prior, separate criminal activity. See *United States v. LaBrunerie*, 914 F.Supp. 340, 341-42(W.D. Mo. 1995).

### Rebate Checks Are Generated by the Legitimate Purchase of Cigarettes in Missouri, and are Not Proceeds of Contraband Cigarette Trafficking

6.      As described in the manner and means section of Count 14, the financial transactions at issue concern the deposit of R.J. Reynolds rebate checks into various business bank accounts. (Doc.2, p.16-17).

7.      The relevant question is whether the R.J. Reynolds rebate checks represent proceeds from contraband cigarette trafficking? It is clear they do not.

8.      As referenced in the indictment, the defendants were owners and/or operators of numerous convenience stores located within the Eastern District of Missouri and, as owners and operators, the defendants utilized Sam's Club business memberships to purchase Missouri tax-stamped cigarettes on their respective store's accounts. *Id.*

9.      According to the indictment, the rebate payments were based on the amount of Missouri tax-stamped cigarettes purchased under the respective stores' accounts. *Id.*

10.     "Money laundering statutes were created to reach post-crime transactions aimed at hiding the source of 'ill-gotten gains'." *United States v. LaBruneri*, 914 F.Supp. at 341 (citation omitted).

11.     While some of the Missouri tax-stamped cigarettes purchased on the stores' accounts may have been sold out-of-state in violation of 18 U.S.C. § 2341(a), the rebates were earned beforehand, and not the proceeds of prior, separate criminal activity as required by § 1956(a)(1). *United Sates v. LaBrunerie*, 914 F.Supp. at 344-47 (money which defendants earmarked to pay

2

as bribes of the official were not "proceeds for purposes of money laundering charges, as money was under control of defendant and co-defendant before the allegedly entered bribery agreement).

12.     As alleged in the indictment, the rebates did not come into the defendants' hands as a result of the unlawful transportation, receiving, possession, selling, and distributing of contraband cigarettes. Accordingly, Count 14 should be dismissed because said count fails to state an offense.

WHEREFORE, for each and all of the foregoing reasons, defendant Hisham Mutan prays that the Court dismiss Count 14 of the indictment for failure to state an offense.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Defendant2
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
(314) 646-0066

/s/ Daniel J. Bruntrager
Daniel J. Bruntrager, #34546
225 S. Meramec Ave., Suite 1200.
St. Louis, Missouri  631105
(314) 646-0066
(314) 646-0065-facsimile

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2019, I hereby certify that a copy of the foregoing **Motion to Dismiss** was filed electronically to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager

3